# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DESHANA BARNER, | Case No. 2:24-cv-02309-JAD-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 4, 6] |
| CENTENNIAL HILLS HOSPITAL, et al., | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.

**I.    *In Forma Pauperis* Application**

Plaintiff filed an application to proceed *in forma pauperis* as required by § 1915(a). Docket No. 6. Although a close question,[1] Plaintiff has therein shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* (Docket No. 6) will be granted pursuant to 28 U.S.C. § 1915(a).

**II.    Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

---

[1] The Court has some concern as to whether the financial support provided by the father of Plaintiff's child may negate her ability to proceed *in forma pauperis*. *See* Docket No. 6 at 3; *see also Flores v. Colvin*, 2014 U.S. Dist. LEXIS 93236, at *3-4 (D. Nev. May 22, 2014) (explaining that the *in forma pauperis* analysis evaluates the income and assets to which the plaintiff has access, including those of a spouse). Given the specific wording used in the application, however, the Court will allow Plaintiff to proceed *in forma pauperis*.

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. Fed. R. Civ. P. 12(h)(3). Federal courts have limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).[2] "[M]ere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Newtok Village*

---

[2] Plaintiff's complaint does not allege diversity jurisdiction. *See* Docket No. 1-2 at 1.

2

*v. Patrick*, 21 F.4th 608, 617 (9th Cir. 2021) (quoting *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (per curiam)). A cause of action "arises under" federal law "only if federal law 'creates the cause of action' or a 'substantial question of federal law is a necessary element' of a plaintiff's well-pleaded complaint." *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019) (quoting *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1383 (9th Cir. 1988)). Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir.2001) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

Plaintiff's complaint does not sufficiently allege federal question subject matter jurisdiction. The complaint alleges that medical records generated with respect to a 2018 procedure wrongly indicate that a stent was placed. Docket No. 1-2 at 3. Plaintiff also alleges that she attempted unsuccessfully to correct that error. *See id.* at 4. Plaintiff's complaint seeks to raise a claim under Nevada state law for negligent infliction of emotional distress. *See id.* at 5. The complaint references elsewhere that "Defendant"[3] failed to amend Plaintiff's medical records consistent with 45 C.F.R. § 164.526. Docket No. 1-2 at 4; *see also id.* at 1. That administrative provision outlines procedures for amending medical records, but it does not create a private right of action. *See, e.g.*, *Bondick v. Sanchez*, 2024 WL 1093053, at *3 (D. Ore. Mar. 13, 2024). Moreover, it is not clear from the complaint how this federal administrative provision would otherwise create a federal question on which subject matter jurisdiction can be premised in this case. *Cf. Webb v. Smart Doc. Sols., LLC*, 499 F.3d 1078, 1082-83 (9th Cir. 2007) (explaining that "HIPAA itself does not provide for a private right of action" and that federal question jurisdiction

---

[3] There are two Defendants in this case, so it is not clear to which "Defendant" this allegation relates.

3

did not exist for case involving state law claims based on alleged HIPAA violations regarding medical records).[4]

Accordingly, Plaintiff's complaint must be dismissed. Plaintiff is afforded an opportunity to file an amended complaint if the deficiencies identified above can be corrected.[5]

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (Docket No. 6) is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. Plaintiff's earlier application to proceed *in forma pauperis* (Docket No. 4) is **DENIED** as moot.

3. The Clerk's Office is **INSTRUCTED** to file the complaint (Docket No. 1-2) on the docket.

4. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **January 10, 2025**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make an amended complaint complete. This is because, as a general rule, an amended complaint

---

[4] Plaintiff cites other federal provisions that do not provide a basis on which to premise federal question subject matter jurisdiction. *See* Docket No. 1-2 at 1. The complaint cites 18 U.S.C. § 1035, which is a criminal provision related to false statements regarding health care under which Plaintiff cannot bring a private right of action. *See, e.g.*, *Castenada v. Cnty. of San Bernardino*, 2024 WL 4224000, at *11 (C.D. Cal. Apr. 10, 2024). The complaint cites 28 U.S.C. § 1367, which provides for supplemental jurisdiction, but supplemental jurisdiction applies for state law claims only when there is already original jurisdiction, *see* 28 U.S.C. § 1367(a). The complaint also cites to 28 U.S.C. § 1391, but that is a venue statute.

[5] Because of the threshold deficiency as to subject matter jurisdiction, the undersigned will not herein otherwise screen the sufficiency of the allegations in the complaint to state a claim or to comply with the requirements of Rule 8.

4

supersedes earlier pleadings. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the earlier pleadings no longer serve any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: December 17, 2024

_____
Nancy J. Koppe
United States Magistrate Judge