UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Deshana Renee Barner, | Case No: 2:24-cv-002309-JAD-NJK |
| Plaintiff | |
| v. | **Order Denying Motion to Transfer Case to State Court but Dismissing Case So Plaintiff Can Refile It in State Court** |
| Centennial Hills Hospital, et al., | |
| Defendants | [ECF Nos. 2, 9] |

Plaintiff Deshana Renee Barner filed this action against a local hospital and physician, apparently asserting a claim for negligent infliction of emotional distress related to allegedly erroneous medical records. Because she proceeds *in forma pauperis*, the magistrate judge screened her complaint, found that Barner fails to allege a basis for federal jurisdiction, and dismissed the complaint with leave to amend.[1] Plaintiff has not yet filed an amended complaint, so there are currently no claims pending in this case. But she has filed a motion for change of venue, asking this court to transfer this case to Nevada state court under 28 U.S.C. § 1404(a). In that motion she acknowledges that "[t]he U.S. District Court for the District of Nevada lacks jurisdiction over [her] case, as the claims are rooted in state law and do not raise a federal question"; nor is there diversity jurisdiction because the parties, she concedes, are not diverse.[2]

The change-of-venue statute that Barner cites permits federal courts to transfer cases only to *other federal courts*, not to a state court.[3] When a plaintiff realizes that the case she filed in

---

[1] ECF No. 7.

[2] ECF No. 9.

[3] *See* 28 U.S.C. § 1404; *Pope v. Atl. Coast Line R.R. Co.*, 345 U.S. 379, 384 (1953) ("Section 1404(a), by its very terms, speaks to federal courts; it addresses itself only to that federal forum

federal court belongs instead in state court because she lacks a basis for federal jurisdiction, her remedy is not to seek a transfer, but to seek dismissal so she can refile it in the proper state forum.  So I liberally construe Barner's concession that this court lacks subject-matter jurisdiction over this matter as a request to dismiss her case so that she may file it in Nevada's Eighth Judicial District Court.

      IT IS THEREFORE ORDERED that Barner's request for a transfer of this case to state court **[ECF No. 9] is DENIED.**  But because she concedes that this court lacks subject-matter jurisdiction over this case, I construe that acknowledgement as a request to dismiss it so that she can refile it in state court.  So **this case is DISMISSED without prejudice to Barner's ability to refile it in Nevada state court.**  The Clerk of Court is directed to **CLOSE THIS CASE**, and the pending motion to toll the statute of limitations **[ECF No. 2] is DENIED** without prejudice as moot in light of the case closure.

                                                                           _____
                                              U.S. District Judge Jennifer A. Dorsey
                                              Dated: January 8, 2025

---

in which a lawsuit has been initiated; its function is to vest such a federal forum with the power to transfer a transitory cause of action to a more convenient federal court.").